UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE McNABB,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, C.S.P - SACRAMENTO,<br><br>Respondent. | NO. CV 16-2595-SJO (AGR)<br><br><br>ORDER TO SHOW CAUSE |

Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner challenges the Parole Board's December 3, 2014 stipulated finding that Petitioner was unsuitable for parole and would not be considered again for five years. For the reasons discussed below, it appears that one of Petitioner's two claims is not cognizable on federal habeas review and that the second claim is plainly lacking in merit.

The court therefore orders Petitioner to show cause on or before ***June 10, 2016*** why the court should not recommend denial of the petition.

**I.**

**SUMMARY OF PROCEEDINGS**

After a bench trial in 1982, a Los Angeles County Superior Court judge convicted Petitioner of second degree murder and sentenced him to prison for 15 years to life.  (*See* Petition in *McNabb v. Warden*, No. CV 15-9269-SJO, at 25-26.)[1]

On December 3, 2014, the Parole Board postponed, for five years, consideration of Petitioner for parole, on Petitioner's stipulation after consultation with counsel.  (Petition at 10-18 (excerpts of Board hearing transcript).)

On January 10, 2016, Petitioner filed the Petition in this Court.  Construed liberally, the Petition presents two claims.  First, Petitioner contends that the Board erred in finding that he continues to present a danger to society.  (Petition at 39.)  Second, he argues that the Board's repeated denials – seven in all – constitute cruel and unusual punishment.  (*Id.*)

**II.**

**DISCUSSION**

The Ninth Circuit's holding that California law creates a liberty interest in parole "is a reasonable application of our cases." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

"When . . . a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the applications of those constitutionally required procedures." *Id.* at 220.  "In the context of parole, . . . a prisoner . . . receive[s] adequate process when he [is] allowed an opportunity to be heard and [is] provided a statement of the reasons why parole was denied." *Id.*; *see also Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011).

---

[1] Page citations are to the page numbers assigned by CM/ECF in the header.

2

Because the only federal right at issue in parole proceedings is procedural, a federal habeas court may not consider "whether the state court decided the case correctly." *Swarthout*, 562 U.S. at 222. Specifically, this court may not review whether some evidence supports the parole decision. *Id.*

Petitioner's submissions, including an excerpt of the transcript of the hearing at which he most recently was denied parole, indicate he received "at least [the required] amount of process." *Id.* at 220; Petition at 10-18. Petitioner was represented at the hearing. (Petition at 11.) Petitioner and his counsel stipulated to a finding that he was unsuitable for parole and to scheduling his next parole eligibility hearing for five years hence. (*Id.* at 11-15.) Petitioner's counsel did assert an Eighth Amendment objection on the grounds that Petitioner already had served his "maximum base term" for the murder. (*Id.* at 16.)

Petitioner argues that the Board "abuse[d] [its] discretion" in finding that he would be an unreasonable risk.[2] (*Id.* at 39.) Assuming that claim is not waived by stipulation, Petitioner's argument that the Board in finding that he poses an unreasonable risk of danger is not cognizable on federal habeas review. *Swarthout*, 562 U.S. at 219, 222.

To the extent Petitioner asserts that the Board's repeated denials of parole render his sentence "cruel and unusual" in violation of the Eighth Amendment, Petitioner's argument would be without merit. Petitioner was convicted of murder. A life sentence for murder is not cruel and unusual punishment. *See, e.g., Harris v. Wright*, 93 F.3d 581, 585 (9th Cir. 1996) (sentence of life imprisonment without parole for murderer raises no inference of disproportionality and does not violate Eighth Amendment).

---

[2] The Board cited a 15-page Comprehensive Risk Assessment of Petitioner – only eight pages of which have been attached to the Petition – issued three weeks before his parole hearing. (*Id.* at 20-27.)

3

## III.

## **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that on or before ***June 10, 2016***, Petitioner shall show cause why the court should not recommend dismissal of the Petition for the reasons noted above.

**Petitioner is also advised that if he fails to respond to this order to show cause by June 10, 2016, the court will recommend that the petition be denied.**

Date: May 10, 2016

_____
ALICIA G. ROSENBERG
United States Magistrate Judge